UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JENNIFER CORMIER, ET AL | CIVIL ACTION NO. 2:15-1946 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WAL-MART STORES, INC. | MAG. JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Defendant's Motion to Dismiss, or in the Alternative, Stay, Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" (R. #6) wherein Wal-Mart Louisiana, LLC (erroneously named as Wal-Mart Stores, Inc.) ("Wal-Mart") seeks to dismiss all of plaintiffs' claims for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted. Alternatively, as to the ADEA claim of plaintiff Webb-Willis, Wal-Mart seeks to stay this claim until Webb-Willis' Title VII EEOC charge has been exhausted.

### ALLEGATIONS

Plaintiffs are five (5) former associates of Wal-Mart located in Lake Charles, Louisiana.[1] These plaintiffs allege that they were wrongfully terminated based on their age and race. The events surrounding their termination occurred at different times, and for different reasons.

### LAW AND ANALYSIS

Before filing a Title VII action in federal district court, a plaintiff must exhaust his/her administrative remedies. In Title VII cases, exhaustion occurs when a plaintiff files a timely charge

---

[1] There were originally six (6) plaintiffs; plaintiff, Phyllis Hazel, has been voluntarily dismissed.

1

with the EEOC against the discriminating party within 180 days of the alleged discrimination and receives statutory Notice of the Right to Sue the respondent named in the charge.[2] An ADEA plaintiff must exhaust his or her administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the alleged discriminatory acts and by waiting sixty days after timely filing the EEOC charge before filing a civil action.[3]

As of the date Wal-Mart filed the instant motion to dismiss, two plaintiffs, Rosetta King and Jennifer Cormier had not filed their EEOC charges, and plaintiffs, Pamela Henderson-McWain, Eula Webb-Willis and Wilson Goodley had filed charges but had not received their right-to-sue letter. After the motion to dismiss was filed, plaintiffs, King and Cormier filed their EEOC charges, but have not received their right-to-sue letters. In addition, Henderson-McWain, who filed a race discrimination charge only, has allegedly sought to amend her charge to allege age discrimination (there is no evidence of the amended charge in the record).[4] However, none of the plaintiffs has received a right-to-sue letter, and as to the ADEA claims, the sixty day waiting period has yet to lapse as to Henderson-McWain, Cormier and King. In her opposition brief, plaintiffs' attorney informs the court that on October 6, 2015, each plaintiff requested a Notice of Right to Sue and on October 15, 2015, the EEOC informed counsel that the Notice of Right to Sue would be issued the following week. As of the date of this Memorandum Ruling, plaintiffs have filed nothing in the record to evidence that they have exhausted their Title VII claims.

---

[2] 42 U.S.C. § 2000e-5(f)(1); Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 2008).
[3] 29 U.S.C. § 626(d)(1)(B); Julian v. City of Houston, 314 F.3d 721, 725-26 (5th Cir. 2002).
[4] Plaintiffs' counsel informs the court on p. 1 of the response to the motion to dismiss that the claim was filed and assigned a number (461-2015-02020), but the charge has not been processed. R. #19.

*Title VII claims*

Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party within 180 days of the alleged discrimination and receive statutory notice of the right-to-sue the respondent named in the charge.[5] Plaintiffs maintain that filing and receiving a right-to-sue letter is not jurisdictional; defendant contends it is jurisdictional, thus the court must dismiss plaintiffs' claims for lack of jurisdiction. However, if it is non-jurisdictional, the court has the discretion to stay plaintiffs' claims until the condition precedent is fulfilled *i.e.,* plaintiffs receive their right-to-sue letters.

Plaintiff relies on Zipes v. Trans World Airlines, Inc.,[6] which ultimately held that the *timely* filing of an EEOC charge is a "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling."[7] Plaintiff further relies on Pinkard v. Pullman-Standard, a Division of Pullman,[8] which held that the receipt of a right-to-sue letter is also not a jurisdictional prerequisite, but rather is a condition precedent subject to equitable modification. Specifically, Pinkard notes that "42 U.S.C. § 2000e-5(f)(3), the relevant jurisdictional provision, does not limit jurisdiction to those cases in which a plaintiff has received a right-to-sue letter. Nor does section 2000e-5(f)(1), which requires that a plaintiff receive statutory notice of the right-to-sue before bringing a Title VII action, speak in jurisdictional terms. Moreover, nothing in the legislative history indicates that Congress

---

[5] 42 U.S.C. § 2000e-5(f)(1); Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011, 1019 (1974); Nilsen v. City of Moss Point, Mississippi, 621 F.2d 117 (5th Cir. 1980).
[6] 455 U.S. 385, 102 S.Ct. 1127 (1982).
[7] Id. 455 U.S. at 394, 102 S.Ct. at 1132.
[8] 678 F.2d 1211 (5th Cir. 1982).

3

intended the receipt of a right-to-sue letter to constitute a jurisdictional prerequisite."[9] Thus, plaintiff argues that receiving a right-to-sue letter is a condition precedent subject to equitable modification.

However, in Segreto v. Kirschner, et al,[10] the district court expressly chose not to follow the Fifth Circuit in Pinkard reasoning that to do so would obviate the value of EEOC mediation designed to reconcile employee-employer disputes.

Defendant maintains that exhausting administrative remedies is a jurisdictional requirement, and thus plaintiffs' Title VII claims must be dismissed because even though they have filed a charge with the EEOC, they have not received their right-to-sue letter and even now, if they did receive said letter, this would not cure the initial defect – that this court lacked jurisdiction at the time of filing the lawsuit.

Defendant relies on Tolbert v. USA,[11] wherein the *per curiam* opinion[12] held that the district court properly dismissed plaintiff's claims for failure to exhaust her administrative remedies. In Tolbert, the question was whether or not the district court had jurisdiction of plaintiff's claims. The court noted that the two requirements that must be met for filing a Title VII action in federal court are that (1) the complaint must be filed within the time allotted by Title VII, and (2) the complainant must have first exhausted her administrative remedies. The court stated that "[f]ailure to comply with either of these requirements wholly deprives the district

---

[9] Id. at 1217.
[10] 1998 WL 289145 (D. Conn. March 11, 1998).
[11] 916 F.2d 245 (5th Cir. 1990).
[12] Before Johnson, Higginbotham and Barksdale, Circuit Judges.

4

court of jurisdiction over the cases," citing Brown v. Dept. of Army,[13] and Porter v. Adams.[14] Tolbert argued that it is only those cases in this Circuit which hold it is filing too late, and not too early, which deprives the court of jurisdiction. In Tolbert, after the Postal Service denied her claim, the plaintiff could have proceeded to federal district court, but she chose to pursue a further administrative remedy and appealed to the EEOC Office of Review and Appeals. But before the EEOC had ruled on her appeal, she filed a civil action in federal court.[15] Tolbert relied on White v. Frank,[16] an action brought under the Age Discrimination in Employment Act ("ADEA"); the White court held that once a complainant chooses to pursue EEOC review of an initial agency determination, they must exhaust that avenue of relief before bringing a civil action. The court further noted that the rule for ADEA actions applies in equal force to Title VII actions.

The Tolbert court further addressed whether or not plaintiff's action was cured when the EEOC issued its decision before the claim was dismissed by the district court. In holding that the defect could not be cured, the court noted that a "plaintiff could thereby largely circumvent the rule that she must exhaust her administrative remedies. To allow a plaintiff to proceed in such a fashion would, in short sequence, produce all the evils that are designed to be avoided by requiring exhaustion of administrative remedies."[17] The court concluded that this was a strict

---

[13] 854 F.2d 77, 78 (5th Cir. 1988) ("The thirty-day filing limitation for federal employees is a jurisdictional requirement").
[14] 639 F.2d 273, 276 (5th Cir. 1981)("The exhaustion requirement … is an absolute prerequisite to suit" under § 2000e-16).
[15] Tolbert filed her federal court action 10 days after filing the appeal with the EEOC.
[16] 895 F.2d 243, 244 (5th Cir. 1990).
[17] Tolbert, 916 F.2d at 249.

5

construction of the Title VII exhaustion requirement that was necessary if the aims of the exhaustion requirement are to be served.

Defendant also relies on Firmin v. Richard Construction, Inc.,[18] wherein Judge Vance granted a motion to remand for lack of subject matter jurisdiction. In Firmin, the court denied plaintiff's application for a preliminary injunction on the grounds that he had failed to exhaust his administrative remedies under OSHA, Title VII and the ADA. In Firmin, the plaintiff had not filed any charge with the EEOC before he filed suit in state court which was subsequently removed to federal court. The Firmin court noted that the Supreme Court had ruled that the *timely* filing of a charge of discrimination with the EEOC, the first step required to bring a claim under 42 U.S.C. § 2000e-5, is not a jurisdictional prerequisite, and thus is subject to waiver, tolling or estoppel.[19] The court further noted that neither the Supreme Court nor the Fifth Circuit sitting *en banc* has ruled that the exhaustion requirement is also subject to waiver or estoppel.[20] "There is a disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction.".[21]

The Firmin court stated that the "requirement that a person exhaust his administrative remedies and receive a right-to-sue letter from the EEOC before filing suit does not function as a statute of limitations that prescribes the length of time that a person has to act on his claim. Rather, the exhaustion requirement allows the EEOC to pursue non-judicial resolution of

---

[18] 2012 WL 5332998, (not reported in F.Supp.2d 2012) (E.D. La. Oct. 26, 2012).
[19] Citing Zipes, supra (the filing deadline is characterized as a statute of limitations).
[20] See Pacheco v. Mineta, 448 F.3d 783, 788 n.7 (5th Cir. 2006)
[21] Id.

discrimination claims, and thus Title VII prohibits civil action 'until the EEOC has first had the opportunity to attempt to obtain voluntary compliance.'"[22] The court opined that the important difference in function supports an interpretation of the exhaustion requirement as a jurisdictional prerequisite, even though the filing deadline is not. Thus, if a plaintiff fails to timely file his charge with the EEOC, his claim is barred. However, the exhaustion requirement (filing a charge with the EEOC and waiting on a right-to-sue letter and/or the denial of an appeal if appropriate) does not affect whether a person's claim is preserved. "It impacts only the time at which a claim may be brought, since a person may file suit if the EEOC determines that the agency will not."[23] Judge Vance concluded that it had no jurisdiction to hear a claim for which the administrative remedies have not been exhausted and because plaintiff did not wait for the EEOC to conduct its own investigation or signal its unwillingness to do so before filing suit, the court did not have jurisdiction over plaintiff's Title VII claims. We note that in the Firmin case, the plaintiff filed suit in state court before he filed any charge with the EEOC.

However, this court must also be mindful of the United States Supreme Court which has made clear that "claim-processing rules" imposed by various statutes are not jurisdictional.[24] "A statutory condition that requires a party to take some action before filing a lawsuit is not automatically a *jurisdictional* prerequisite to suit…. We similarly have treated as nonjurisdictional

---

[22] Pacheco, 448 F.3d at 788-89 (internal citation omitted).
[23] Firmin, 2012 WL 5332998, *3.
[24] See Sebelius v. Auburn Reg'l Med. Ctr., 133 S.Ct. 817, 825 (2013)("Key to our decision, we have repeatedly held that filing deadlines ordinarily are not jurisdictional, indeed, we have described them as quintessential claim-processing rules."); Henderson ex rel. Henderson v. Shinseki, 131 S.Ct. 1197, 1203 (2011) ("[A] rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction. Other rules, even if important and mandatory … should not be given the jurisdictional brand…. [C]laim-processing rules," including filing deadlines, should not be described as jurisdictional unless Congress clearly indicates otherwise.).

other types of threshold requirements that claimants must complete, or exhaust, before filing a lawsuit."[25]

Furthermore, the Fifth Circuit has ruled that waiting for receipt of the right-to-sue notice before suing is not jurisdictional.[26] Accordingly, based on binding precedents from both the Supreme Court and the Fifth Circuit, we find that filing a charge with the EEOC and receiving a right-to-sue notice are not jurisdictional. As such, the undersigned will not dismiss plaintiffs' Title VII claims, but will stay these claims until either the claims are dispensed with at the administrative level, or plaintiffs receive the requisite right-to-sue letter, whichever occurs first.

*Age Discrimination in Employment Act (ADEA)*

The ADEA requires a plaintiff to file a charge of discrimination with the EEOC before bringing suit in federal court.[27] The Age Discrimination Act does not require a complainant to wait for the investigating agency to act before she can file suit. She must only file an administrative charge with the EEOC, then wait at least 60 days before filing suit, regardless of whether the agency has completed its investigation. The age discrimination plaintiff may, but need not, obtain a right-to-sue notice before she seeks judicial review.[28]

Defendant asserts that Henderson-McWain's ADEA claim must be dismissed because she has failed to put evidence in the record to show that her EEOC Charge has been amended to

---

[25] Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010)(quotations and citations omitted).
[26] See Harris v. Amoco Prod. Co., 768 F.2d 669, 680 (5th Cir. 1985); Harris v. Boyd Tunica, Inc., 628 F.3d 237, 239 (5th Cir. 2010) (citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 349 n.3 (1983); Espinoza v. Mo. Pac. R.R., 754 F.2d 1247, 1248 n.1 (5th Cir. 1985)); accord Giles v. City of Dallas, 539 F.App'x 537, 541 (5th Cir. 2013)(citing Harris, 628 F.3d at 239); Stokes v. Dolgencorp. Inc., 367 F.App'x 545, 548 (5th Cir. 2010).
[27] 29 U.S.C. § 626(d).
[28] Id.; Julian v. City of Houston, 314 F.3d 721, 725 (5th Cir. 2002).

8

assert her age discrimination claim. As to the age discrimination claims of Cormier, King, Webb-Willis and Goodley, defendant does not oppose plaintiffs' request to stay the ADEA claims until the sixty day time period from the filing of such claims has lapsed[29] and these plaintiffs have received their right-to-sue letters as to their Title VII claims.

The court will stay the ADEA claims of all of the plaintiffs including Henderson-McWain until the 60 day time period has lapsed and plaintiffs' have exhausted their administrative remedies as to their Title VII claims. However, because there is nothing in the record to show that Henderson-McWain has amended the EEOC charge, and to further establish the 60 day waiting period, the court will require plaintiffs' counsel to file into the record, Henderson-McWain's amended EEOC charge. Failure to do so will result in an immediate dismissal of this claim.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted in part and dismissed in part. The motion will be granted to the extent that the instant lawsuit will be stayed[30] until all of the plaintiffs' have exhausted their administrative remedies for all of the claims they have asserted in this action; plaintiff Henderson-McWain will be required to file into the record her amended EEOC charge within 7 days of this ruling; otherwise the motion will be denied.

---

[29] To the extent that the 60-day period has not lapsed as of this date of this ruling.
[30] The court is aware that a motion to sever (R. #17) is currently pending. That motion will also be stayed until all of the plaintiffs in this lawsuit have exhausted their administrative remedies as to both the Title VII and ADEA claims.

9

10

**THUS DONE AND SIGNED** in chambers on this \_\_\_10th\_\_\_ day of November, 2015.

*James Trimble*
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE